UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

LASHAWN BURGESS,                                         **COMPLAINT**

                                    Plaintiff,           Index No.

            -against-                                    <u>Jury Trial Demanded</u>

CITY OF NEW YORK, VINCENT AGOSTINO, Individually,
JOHN DOE 1, Individually, and JOHN DOE 2, Individually
(the name John Doe being fictitious, as the true names are
presently unknown),

                                    Defendants.

---------------------------------------------------------------------------------X

   Plaintiff LASHAWN BURGESS, by his attorneys, the Leventhal Law Group, P.C. complaining of the defendants, respectfully alleges as follows:

## <u>Preliminary Statement</u>

   1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts supplemental state law claims.

## <u>JURISDICTION</u>

   2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

   3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## <u>VENUE</u>

   4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff LASHAWN BURGESS is a thirty-five year old African American man residing in Manhattan, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, VINCENT AGOSTINO and JOHN DOE 1 and 2, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the City of New York.

11.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12.     On February 28, 2014, at approximately 9:00 p.m., plaintiff LASHAWN BURGESS was a lawful pedestrian at the intersection of Park Avenue and Church Street in Staten Island, New York.  At that time, BURGESS was talking to an acquaintance, Mr. Leroy Miller.

13.     As BURGESS walked away from Miller, an unmarked police car approached BURGESS and Miller and defendants VINCENT AGOSTINO, JOHN DOE 1, and JOHN DOE 2 exited said vehicle.

14.     The defendant officers searched BURGESS and Miller.

15.     No drugs or other contraband, or any evidence of criminal activity was found on BURGESS's person or in his possession.  A quantity of cocaine was allegedly recovered from Miller's person.

16.     The defendant officers handcuffed BURGESS, imprisoned him in a police vehicle, and transported him to the NYPD's 121st precinct stationhouse, despite lacking probable cause to believe BURGESS had committed any crime or offense.

17.     In the 121st precinct, NYPD officers subjected BURGESS to a humiliating full body strip search where he was ordered to remove all of his clothing, to bend over, and spread his buttocks while a cavity search was conducted.   Thereafter, NYPD officers ordered BURGESS, while still completely naked, to squat and cough.

18.     Defendants AGOSTINO and JOHN DOE 1 and 2 conspired to create and manufacture false evidence against BURGESS, which AGOSTINO conveyed to the Richmond

County District Attorney's Office causing said evidence to be used against BURGESS in the aforementioned legal proceeding.

19.      Specifically, AGOSTINO falsely alleged that BURGESS handed Miller two bags of cocaine.  These allegations are entirely false.

20.      As a result of these false allegations, defendants AGOSTINO and JOHN DOE 1 and 2 caused BURGESS to be maliciously prosecuted on charges that he committed the crimes of Criminal Possession of a Controlled Substance in the Fifth Degree (P.L §. 220.06(1)); and Criminal Possession of a Controlled Substance in the Seventh Degree, (P.L. § 220.03).

21.      On March 1, 2014 BURGESS was arraigned in Richmond County Criminal Court on said malicious prosecution under docket 2014RI002024.

22.      Thereafter, the malicious prosecution compelled BURGESS to return to Richmond County Criminal Court on three separate occasions over seven months before the prosecution was dismissed on September 16, 2014 after the Richmond County District Attorney moved to dismiss all charges filed against BURGESS.

23.      The defendant NYPD officers JOHN DOE 1 and 2 either directly participated in and/or failed to intervene in the false arrest and malicious prosecution of BURGESS.

24.      All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a custom, policy, and/or  practice of: manufacturing false evidence against individuals in a conspiracy to justify falsely arrested said individuals; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime

4

compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

25.     The aforesaid event is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts.  As a result, defendant CITY OF NEW YORK is aware (from said lawsuits as well as notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants: manufacture false evidence against individuals in a conspiracy to justify falsely arresting said individuals; arrest innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arrest individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arrest individuals and engage in a practice of falsification in an attempt to justify  falsely arresting said individuals.

26.     In addition, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.  . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

*Colon v. City of New York, et. al.*, 2009 WL 4263362, *2 (E.D.N.Y.).

27.     Moreover, the existence of the aforesaid unconstitutional customs and policies

5

may further be inferred from the admission by former Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that NYPD commanders are permitted to set "productivity goals."

28.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

29.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

30.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

31.     All of the aforementioned acts deprived plaintiff LASHAWN BURGESS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

33.     The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

34.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35.     As a result of the foregoing, plaintiff LASHAWN BURGESS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
#### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983
as to defendants AGOSTINO, JOHN DOE 1, and JOHN DOE 2)

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Defendants AGOSTINO, JOHN DOE 1, and JOHN DOE 2 arrested plaintiff LASHAWN BURGESS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

38.     Defendants caused plaintiff LASHAWN BURGESS to be falsely arrested and unlawfully imprisoned.

39.     As a result of the foregoing, plaintiff LASHAWN BURGESS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983
as to defendants AGOSTINO, JOHN DOE 1, and  JOHN DOE 2 )

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants AGOSTINO, JOHN DOE 1, and JOHN DOE 2 created false evidence against plaintiff LASHAWN BURGESS.

42.     Defendants utilized this false evidence against plaintiff LASHAWN BURGESS in legal proceedings.

43.     As a result of defendants' creation and use of false evidence, plaintiff LASHAWN BURGESS suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

44.     As a result of the foregoing, plaintiff LASHAWN BURGESS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983
as to defendants AGOSTINO, JOHN DOE 1, and JOHN DOE 2)

45.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Defendants AGOSTINO, JOHN DOE 1, and JOHN DOE 2 caused the initiation

and continuation of a malicious prosecution against plaintiff LASHAWN BURGESS.

47.     Defendants caused plaintiff LASHAWN BURGESS to be prosecuted without any probable cause until the charges were dismissed on or about September 16, 2014.

48.     As a result of the foregoing, plaintiff LASHAWN BURGESS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983
as to defendants AGOSTINO, JOHN DOE 1, and JOHN DOE 2)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through 48" with the same force and effect as if fully set forth herein.

50.     Defendants AGOSTINE, JOHN DOE 1, and JOHN DOE 2 issued criminal process against plaintiff LASHAWN BURGESS by causing his arrest and prosecution in a criminal court.

51.     Defendants caused plaintiff LASHAWN BURGESS to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for false arrest and abuse of authority, and to meet "productivity goals" and for professional advancement, overtime compensation, and/or other objectives outside the ends of justice, and thereby violated plaintiff's right to be free from malicious abuse of process.

52.     As a result of the foregoing, plaintiff LASHAWN BURGESS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983
### as to defendants JOHN DOE 1 and JOHN DOE 2)

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants JOHN DOE 1 and JOHN DOE 2 had an affirmative duty to intervene on behalf of plaintiff LASHAWN BURGESS, whose constitutional rights were being violated in their presence by other officers.

55.     The defendants failed to intervene to prevent the unlawful conduct described herein.

56.     As a result of the foregoing, plaintiff LASHAWN BURGESS was subjected to false arrest and malicious prosecution and put in fear of his safety.

57.     As a result of the foregoing, plaintiff LASHAWN BURGESS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

58.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

10

60.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff LASHAWN BURGESS'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

61.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department also included, but were not limited to: manufacturing false evidence against individuals in a conspiracy to justify falsely arresting said individuals; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

62.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff LASHAWN BURGESS.

63.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff LASHAWN BURGESS as alleged

herein.

64.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff LASHAWN BURGESS as alleged herein.

65.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff LASHAWN BURGESS was unlawfully arrested and maliciously prosecuted.

66.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff LASHAWN BURGESS's constitutional rights.

67.     All of the foregoing acts by defendants deprived plaintiff LASHAWN BURGESS of federally protected rights, including, but not limited to, the right:

      A.     To be free from false arrest/unlawful imprisonment;

      B.     To be free from malicious prosecution;

      C.     To be free from the failure to intervene;

      D.     To receive his right to fair trial; and

      E.     To be free from malicious abuse of process.

68.     As a result of the foregoing, plaintiff LASHAWN BURGESS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claims**

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

71.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

72.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

73.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

74.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Malicious Prosecution under the laws of the State of New York
as to defendants AGOSTINO, JOHN DOE 1, JOHN DOE 2,
and CITY OF NEW YORK)

75.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     Defendants AGOSTINO, JOHN DOE 1, and JOHN DOE 2 caused the initiation and continuation of a malicious prosecution against plaintiff LASHAWN BURGESS.

77.      Defendants caused plaintiff LASHAWN BURGESS to be prosecuted without

probable cause until the charges were dismissed on or about September 16, 2014.

78.     As a result of the foregoing, plaintiff LASHAWN BURGESS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York
as to defendant CITY OF NEW YORK)

79.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff LASHAWN BURGESS.

81.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

82.     As a result of the foregoing, plaintiff LASHAWN BURGESS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York
as to defendant CITY OF NEW YORK)

83.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff LASHAWN BURGESS.

85.     As a result of the foregoing, plaintiff LASHAWN BURGESS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
<u>(Negligence under the laws of the State of New York
as to all defendants)</u>

86.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

88.     As a result of the foregoing, plaintiff LASHAWN BURGESS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York
as to defendant CITY OF NEW YORK)

89.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

91.    As a result of the foregoing, plaintiff LASHAWN BURGESS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12 as to all defendants)

92.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.    As a result of defendants' conduct, plaintiff LASHAWN BURGESS was deprived of his right to security against unreasonable searches, seizures, and interceptions.

94.    As a result of the foregoing, plaintiff LASHAWN BURGESS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

16

**WHEREFORE**, plaintiff LASHAWN BURGESS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
           September 23, 2015

                                      LEVENTHAL LAW GROUP, P.C.
                                      Attorneys for Plaintiff LASHAWN BURGESS
                                      45 Main Street, Suite 230
                                      Brooklyn, New York 11201
                                      (718) 556-9600

                                      By:     s/_____.
                                                JASON LEVENTHAL (JL1067)

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

LASHAWN BURGESS,

                                              Plaintiff,

                                                                          Index No.

              -against-

CITY OF NEW YORK, VINCENT AGOSTINO, Individually,
JOHN DOE 1, Individually, and JOHN DOE 2, Individually
(the name John Doe being fictitious, as the true names are
presently unknown),

                                              Defendants,

--------------------------------------------------------------------------------X


**COMPLAINT**


**LEVENTHAL LAW GROUP, P.C.**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600