UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
LASHAWN BURGESS,                                            15-CV-5525 (RRM)(MDG)

                            Plaintiff,

              -against-                                      **DECLARATION OF SUZANNE E. ARIBAKAN IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

CITY OF NEW YORK,
VINCENT AGOSTINO, Individually,
MICHAEL DICECCO, Individually, and
RICKY ALEXANDER, Individually,

                            Defendants.

------------------------------------------------------------------------ x

        Suzanne E. Aribakan declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the following is true and correct.

        1.     I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for defendants in the instant matter. As such, I am familiar with the facts stated below and submit this declaration to place the relevant documents on the record in support of defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

        2.     Attached as Exhibit "A" is a true copy of excerpts of Police Officer Vincent Agostino's Deposition taken on June 22, 2016, which sets forth Officer Agostino's observations of plaintiff exchanging narcotics for United States currency with a separately apprehended buyer Mr. Miller on February 28, 2014 near the vicinity of the intersection of Park Avenue and Church Street in Port Richmond, Staten Island, and subsequent recovery of money from plaintiff and crack cocaine from Mr. Miller.

        3.     Attached as Exhibit "B" is a true copy of excerpts of Police Officer Ricky Alexander's Deposition taken on June 24, 2016, which sets forth Officer Alexander's

observations of plaintiff exchanging narcotics for United States currency with a separately apprehended buyer Mr. Miller on February 28, 2014 near the vicinity of the intersection of Park Avenue and Church Street in Port Richmond, Staten Island, and subsequent recovery of crack cocaine from Mr. Miller.

4. Attached as Exhibit "C" is a true copy of excerpts of Sergeant Michael DiCecco's Deposition taken on June 21, 2016, which sets forth Sergeant DiCecco's observations of plaintiff exchanging narcotics for United States currency with a separately apprehended buyer Mr. Miller on February 28, 2014 near the vicinity of the intersection of Park Avenue and Church Street in Port Richmond, Staten Island.

5. Attached as Exhibit "D" is a true copy of excerpts of plaintiff Lashawn Burgess's Deposition taken on June 16, 2016, which sets forth the fact that plaintiff and Mr. Miller were in very close proximity near the vicinity of the intersection of Park Avenue and Church Street in Port Richmond, Staten Island in the middle of the night in a drug prone area and that they both touched hands at the time the defendants officers observed them, and that crack cocaine was recovered on Mr. Miller and money was recovered on plaintiff prior to their arrests.

6. Attached as Exhibit "E" is a true copy of excerpts of plaintiff Lashawn Burgess's Deposition taken on September 6, 2016, which sets forth the fact that plaintiff and Mr. Miller were in very close proximity near the vicinity of the intersection of Park Avenue and Church Street in Port Richmond, Staten Island in the middle of the night in a drug prone area and that they both touched hands at the time the defendants officers observed them, and that crack cocaine was recovered on Mr. Miller and money was recovered on plaintiff prior to their arrests.

7. Attached as Exhibit "F" is a true copy of excerpts of nonparty Leroy Miller's Deposition taken on September 8, 2016, which sets forth the fact that plaintiff and Mr. Miller

were in very close proximity near the vicinity of the intersection of Park Avenue and Church Street in Port Richmond, Staten Island in the middle of the night in a drug prone area and that they both touched hands at the time the defendants officers observed them, and that crack cocaine was recovered on Mr. Miller prior to their arrests.

8. Attached as Exhibit "G" is a true copy of the Omniform System Arrest Report for plaintiff Lashawn Burgess dated February 28, 2014 detailing, among other things, Officer Agostino's observation of plaintiff exchanging narcotics for United States currency with a separately apprehended buyer Mr. Miller on February 28, 2014 near the vicinity of the intersection of Park Avenue and Church Street in Port Richmond, Staten Island, and subsequent recovery of money from plaintiff and crack cocaine from Mr. Miller.

9. Attached as Exhibit "H" is a true copy of an NYPD Property Clerk Invoice 5000051522 dated February 28, 2014, which details that crack cocaine was recovered from Mr. Miller and properly vouchered as arrest evidence.

10. Attached as Exhibit "I" is a true copy of an NYPD Property Clerk Invoice 5000051531 dated February 28, 2014, which details the money that was seized from plaintiff as part of a drug transaction and that the money was properly vouchered as arrest evidence, which plaintiff never sought the return of.

11. Attached as Exhibit "J" is a true copy of plaintiff Lashawn Burgess's Criminal Court Affidavit signed by Officer Agostino on March 1, 2014 detailing the facts and circumstances of an observed hand-to-hand drug transaction between plaintiff and Mr. Miller as well as subsequent recovery of money from plaintiff and of crack cocaine from Mr. Miller.

12. Attached as Exhibit "K" is a true copy of plaintiff Lashawn Burgess's Amended Complaint filed on March 14, 2016 against The City of New York, Vincent Agostino, Ricky

Alexander, and Michael DiCecco alleging various violations of his federal civil rights and New York state tort law.

13. Attached as Exhibit "L" is a true copy of the Certificate of Disposition for plaintiff Lashawn Burgess regarding his February 28, 2014 arrest.

14. Attached as Exhibit "M" is a true copy of plaintiff Lashawn Burgess's Notice of Claim filed October 7, 2014.

15. Attached as Exhibit "N" is a true copy of plaintiff Lashawn Burgess's Complaint filed on September 23, 2015 against The City of New York, Vincent Agostino, John Doe 1, and John Doe 2 alleging various violations of his federal civil rights and New York state tort law.

Dated: New York, New York
February 27, 2017

        ZACHARY W. CARTER
        Corporation Counsel of the
          City of New York
        *Attorney for Defendants*
        100 Church Street
        New York, New York 10007
        Tel: (212) 356-2327

By:   *Suzanne Aribakan*
       Suzanne E. Aribakan
       Senior Counsel

To: Leventhal Law Group, P.C. (Via ECF and First Class Mail)
    Attorneys for Plaintiff
    45 Main Street, Suite 230
    Brooklyn, New York 11201
    Tel: (718) 556-9600

15-CV 5525 (RRM) (MDG)

| UNITED STATES DISTRICT COURT |
| EASTERN DISTRICT OF NEW YORK |

LASHAWN BURGESS,

                              Plaintiff,

-against-

CITY OF NEW YORK,
VINCENT AGOSTINO, Individually,
MICHAEL DICECCO, Individually, and
RICKY ALEXANDER, Individually,

                              Defendants.

**DECLARATION OF SUZANNE E. ARIBAKAN IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Suzanne E. Aribakan*
*Tel: (212) 356-2386*

*Due and timely service is hereby Admitted.*

*New York, N.Y. February 27, 2017*

*Suzanne E. Aribakan Esq.*

*Attorney for Defendants*