```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LASHAWN BURGESS,
```

                                Plaintiff,                           **PROPOSED**
                                                        **JOINT PRETRIAL ORDER**

     -against-                                             15 CV 5525 (RRM)(VMS)

```
CITY OF NEW YORK,
VINCENT AGOSTINO, Individually,
MICHAEL DICECCO, Individually, and
RICKY ALEXANDER, Individually,

                Defendants.
-------------------------------------------------------------------X
```

1. **Caption**

    The full caption of the action is set forth above.

2. *Trial Counsel*

    *Plaintiff's Counsel:*

    Jason Leventhal
    Leventhal Law Group, P.C.
    45 Main Street, Suite 528
    Brooklyn, NY 11201
    718-556-9600 (phone)
    718-522-3225 (fax)
    JL@LLG.nyc

    *<u>Defendants' Counsel:</u>*

    ZACHARY W. CARTER
    Corporation Counsel of the City of New York
    New York City Law Department
    100 Church Street
    New York, New York 10007
    By:    Suzanne E. Aribakan, Senior Counsel[1]
    Tel:    (212) 356-2386

---

[1] Additional defense trial counsel from the Office of the Corporation Counsel may be added prior to trial.

Fax: (212) 356-1148
Email: saribaka@law.nyc.gov

3. **Subject Matter Jurisdiction**

   a) **Plaintiff's statement:** Subject Matter Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4), and 1367 as this action seeks redress for the violation of plaintiff's constitutional and civil rights, as well as supplemental State law claims. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

   b) **Defendants' statement:** Defendants do not dispute the Court's jurisdiction or venue.

4. **Claims and Defenses To Be Tried**

   a) **Plaintiff's claims:**

   1. <u>False Arrest Against Defendants Agostino, Dicecco, and Alexander – 42 U.S.C. § 1983</u>: Plaintiff has to prove that: (1) the defendant officers intended to confine him, (2) that he was conscious of the confinement, (3) that he did not consent to the confinement, and (4) that the confinement was not otherwise privileged. *Savino v. City of New York,* 331 F.3d 63, 75 (2d Cir. 2003).

   2. <u>Denial of Right to Fair Trial Against Defendants Agostino, Dicecco, and Alexander – 42 U.S.C. § 1983</u>: Plaintiff has to prove that the defendant officers fabricated information that is likely to influence a jury's verdict and forwarded that information to prosecutors, and that plaintiff suffered a deprivation of life, liberty, or property as a result. *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016).

   3. <u>Malicious Prosecution Against Defendants Agostino, Dicecco, and Alexander – 42 U.S.C. § 1983</u>: Plaintiff has to prove "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation

2

of for defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010).[2]

4. <u>Malicious Prosecution/Respondeat Superior Against Defendants City of New York, Agostino, Dicecco, and Alexander -New York State Law</u>: The elements of malicious prosecution under 42 U.S.C. § 1983 and under New York State law are the same. *Manganiello v. City of New York*, 612 F.3d 149, 160-161 (2d Cit. 2010).[3]

**b) Defendants' claims and defenses**

1. The First Amended Complaint fails to state a claim upon which relief can be granted.

2. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the conduct of non-parties or third parties and was not the proximate result of any act of defendants.

3. Plaintiff provoked or was at fault for any incident.

4. There was probable cause for plaintiff's arrest, detention, and prosecution.

5. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing

---

[2] Defendants cite: To establish a claim for malicious prosecution under Section 1983, it requires plaintiff to prove the additional element of "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000); *Alcantara v. City of New York*, 646 F. Supp. 2d 449, 457 (S.D.N.Y. 2009). The favorable termination element of a Section 1983 malicious prosecution claim is different from New York law in the sense that a plaintiff asserting a malicious prosecution claim under Section 1983 must show that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence. – not, however, the "not inconsistent with . . . innocence" standard. *Lanning v. City of Glen Falls*, 2018 U.S. App. LEXIS 31489, at *9 (2d Cir. Nov. 7, 2018); *cf. Cantalino v. Danner*, 96 N.Y.2d 391, 395 (2001).

[3] Defendants cite: A claim for malicious prosecution under federal law is "substantially the same" as a claim for malicious prosecution under state law regarding the first four elements. *Lawrence v. City Cadillac*, 10-Civ-3324, 2010 U.S. Dist. LEXIS 32761, at *16 (S.D. N.Y. Dec. 9, 2010); *Fanelli v. City of New York*, 13-Civ-1423 (KBF), 2013 U.S. Dist. LEXIS 160486, at *7-9 (S.D.N.Y. Nov. 1, 2013).

for the protection of civil rights.

6. The individual defendants acted reasonably in the proper and lawful exercise of their discretion, and have not violated any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, are protected by qualified immunity.

7. The individual defendants are immune from suit under state law for their exercise of discretion in the performance of a governmental function and/or their exercise of professional judgment.

8. Punitive damages cannot be recovered against Defendant City of New York, and, if available, such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

9. At all times relevant to the acts alleged in the First Amended Complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability under state law.

**c) Claims and defenses previously alleged but not to be tried:**

Plaintiff had previously asserted a Malicious Abuse of Process claim, a Failure to Intervene claim, and a Municipal Liability claim under 42 U.S.C. § 1983, and a Negligent Screening, Hiring, and Retention claim, a Negligent Training and Supervision claim, a Negligence claim, and a Violation of New York State Constitution Article 1 §12 claim under New York State law. Plaintiff voluntarily withdrew those claims by Stipulation dated April 19, 2016 (ECF Doc. 21) and by letter dated October 28, 2016 (ECF Doc. 35).

**5. Damages**

On each claim, plaintiff seeks compensatory damages for the deprivation of his constitutional rights, deprivation of his liberty, and garden-variety emotional damages. Plaintiffs also seek punitive damages, statutory costs, and attorney's fees.

**6. Jury or Bench Trial**

The parties agree that the case is to be tried by a jury, and that 2 to 3 trial days will be needed.

7. **Consent to Trial by a Magistrate Judge**

   The parties have not consented to try this case before a magistrate judge.

8. **Stipulations or Statements of Fact or Law agreed to by all parties**

   The parties have not agreed on any stipulations or statements of fact or law.

9. **Witnesses**

   *Plaintiff's Witness List* (INCLUDING POSSIBLE WITNESSES FOR IMPEACHMENT OR REBUTTAL – check disclosures)

   A. Plaintiff Lashawn Burgess
      1348 Webster Avenue
      Bronx, New York 10456

   B. Non-party witness Leroy Miller
      36 Laforge Place
      Staten Island, New York 10302

   C. Defendant Vincent Agostino
      1 Police Plaza
      New York, New York 10007

   D. Defendant Michael Dicecco
      1 Police Plaza
      New York, New York 10007

   E. Defendant Ricky Alexander
      1 Police Plaza
      New York, New York 10007

   Plaintiff reserves the right to call any witness identified by defendants, and reserves all rights to present witness testimony at trial as permitted under the Federal Rules of Civil Procedure, Federal Rules of Evidence, and this Court's Local Civil Rules.

   *Defendants' Witness List*

   A. Defendant Vincent Agostino
      1 Police Plaza
      New York, New York 10007

   B. Defendant Michael Dicecco
      1 Police Plaza

New York, New York 10007

   C. Defendant Ricky Alexander
      1 Police Plaza
      New York, New York 10007

   D. Representative from the Richmond County District Attorneys' Office
      130 Stuyvesant Place
      Staten Island, NY 10301

   E. Non-party witness Leroy Miller
      36 Laforge Place
      Staten Island, New York 10302


   Defendants reserve the right to call any witness identified by plaintiff, and reserves all rights to present witness testimony at trial as permitted under the Federal Rules of Civil Procedure, Federal Rules of Evidence, and this Court's Local Civil Rules.

**10. Deposition Testimony**

   a) **Plaintiff's Designation of Deposition Testimony:** Plaintiff does not intend to offer any deposition testimony as part of their case in chief unless a witness becomes unavailable for trial. Plaintiff reserves the right to use deposition testimony and deposition exhibits to refresh a witness' recollection, if necessary, to impeach a witness, or for rebuttal testimony.

   b) **Defendants' Designation of Deposition Testimony:** Defendants do not intend on designating any deposition testimony to be offered in their case in chief but reserve their right to utilize deposition testimony in any manner authorized by the Federal Rules of Evidence, Federal Rules of Civil Procedure, or any other purpose permitted by the Court should it become necessary.


**11. Schedule of Exhibits**

   A. Each party provides its list of trial exhibits subject to the following reservations of rights:
      a. Each party reserves the right not to offer any of the exhibits listed below, or to offer all or any portion of an exhibit.

b. Each party reserves the right to offer and use any of the exhibits for more than one purpose.

c. Each party reserves the right to offer any exhibit designated by any other party to this Pre-Trial Order.

*Plaintiff's Exhibits*

| Exhibit | Description | Objection | Basis for Objection |
| --- | --- | --- | --- |
| 1 | Photo of scene of incident (Ex 1.JPG) | 402, 403, 901 | Not relevant, confusing, unfair prejudice, misleading jury, cumulative, undue delay, authentication |
| 2 | Photo of scene of incident (Ex 2.JPG) | 402, 403, 901 | Not relevant, confusing, unfair prejudice, misleading jury, cumulative, undue delay, authentication |
| 3 | NYPD Property Clerk Invoice 5000051522 (P032-P034) | 403 | cumulative, defendants do not object to the authenticity of the document and the admission of the document via the proper party or subject to connection |
| 4 | Controlled substance vouchered on 2/28/14 under invoice no. 5000051522 (as identified in P032-P034) | 403 | cumulative, defendants do not object to the authenticity of the document and the admission of the document via the proper party or subject to connection |
| 5 | Lashawn Burgess Arrest Worksheet (P023-P024) | 403 | cumulative, defendants do not object to the authenticity of the document and the admission of the document via the proper party or subject to connection |

| | | | |
|---|---|---|---|
| 6 | Lashawn Burgess Complaint Worksheet (P025-P028) | 403 | cumulative, defendants do not object to the authenticity of the document and the admission of the document via the proper party or subject to connection |
| 7 | Lashawn Burgess Arrest Report (P018-P020) | 403 | cumulative, defendants do not object to the authenticity of the document and the admission of the document via the proper party or subject to connection |
| 8 | Complaint Report (P021-P022) | 403 | cumulative, defendants do not object to the authenticity of the document and the admission of the document via the proper party or subject to connection |
| 9 | Leroy Miller NYPD Arrest Worksheet (P039) | 403 | cumulative, defendants do not object to the authenticity of the document and the admission of the document via the proper party or subject to connection |
| 10 | Leroy Miller NYPD Arrest Report (P042-P044) | 403 | cumulative, defendants do not object to the authenticity of the document and the admission of the document via the proper party or subject to connection |
| 11 | Leroy Miller Desk Appearance Ticket (P029) | 403 | cumulative, defendants do not object to the authenticity of the document and the admission of the document via the proper party or |

| | | | subject to connection |
|---|---|---|---|
| 12 | NYPD Prisoner Movement Slip (P037) | 403 | cumulative, defendants do not object to the authenticity of the document and the admission of the document via the proper party or subject to connection |
| 13 | NYPD Property Clerk Invoice 5000051531 (P030-P031) | | As per the Court's Order dated December 18, 2018 [Docket Entry No. 60], this exhibit will be introduced by Defendant Vincent Agostino |
| 14 | NYPD Property Clerk Invoice 5000051533 (P035-P036) | 403 | cumulative, defendants do not object to the authenticity of the document and the admission of the document via the proper party or subject to connection |
| 15 | NYPD Controlled Substance/Marijuana Data Sheet (DEF 172) | 403 | cumulative, defendants do not object to the authenticity of the document and the admission of the document via the proper party or subject to connection |
| 16 | Richmond County DA Data Analysis Sheet (P013) | 802 | Hearsay, defendants do not object to the authenticity of the document and the admission of the document via the proper party or subject to connection |
| 17 | Lashawn Burgess Criminal Court Complaint (P014-P015) | 403 | Cumulative, defendants do not object to the authenticity of the document and the admission of the document via the proper party or |

| | | | subject to connection |
|---|---|---|---|
| 18 | Entire Richmond County DA file (P012-P044) | 403, 802 | cumulative, hearsay, defendants do not object to the authenticity of the document and the admission of the document via the proper party or subject to connection |
| 19 | NYPD Online Prisoner Arraignment Form (DEF 074 -DEF 075) | 403 | cumulative, defendants do not object to the authenticity of the document and the admission of the document via the proper party or subject to connection |
| 20 | Defendant Agostino's memo book entries (DEF 076 – DEF077) | 403 | cumulative, defendants do not object to the authenticity of the document and the admission of the document via the proper party or subject to connection |
| 21 | Defendant Alexander's memo book entries (DEF 085 – DEF087) | 403 | cumulative, defendants do not object to the authenticity of the document and the admission of the document via the proper party or subject to connection |
| 22 | Defendant Dicecco's memo book entries (DEF 156 – DEF157) | 403 | cumulative, defendants do not object to the authenticity of the document and the admission of the document via the proper party or subject to connection |
| 23 | Entire Richmond County Criminal Court file (P001-P009) | 402, 403, 802 | confusing, cumulative, unfair prejudice, waste of time, hearsay, defendants do not object to the |

| | | | authenticity of the document and the admission of the document via the proper party or subject to connection |
|---|---|---|---|
| 24 | Defendant Dicecco Overtime Requests Report (DEF 159)[4] | 402, 403, 404 | Not relevant, unfair prejudice, misleading jury, undue delay, cumulative, impermissible character evidence, waste of time, defendants do not object to the authenticity of the document and the admission of the document via the proper party or subject to connection |
| 25 | Defendant Agostino EBT Transcript and Exhibits | 402, 403 | Not relevant, cumulative |
| 26 | Defendant Dicecco EBT Transcript and Exhibits | 402, 403 | Not relevant, cumulative |
| 27 | Defendant Alexander EBT Transcript and Exhibits | 402, 403 | Not relevant, cumulative |

Plaintiff intends on offering the above exhibits into evidence with appropriate redactions in his case-in-chief, or on rebuttal, or for impeachment.

*Defendants' Impeachment Exhibits*

| Exhibit | Description | Objection | Basis for Objection |
|---|---|---|---|
| A. | Complaint | 403 | Confusing the issues, misleading the jury, wasting time, needlessly presenting cumulative evidence |

---

[4] To the extent the Court permits plaintiff to introduce or question defendant Dicecco regarding his overtime request report stemming from plaintiff's arrest, defendants reserve the right to introduce DEF 174 (defendant Agostino's Overtime Records) and DEF 175 (defendant Alexander Overtime Records).

| | | | |
|---|---|---|---|
| B. | Amended Complaint | 403 | Confusing the issues, misleading the jury, wasting time, needlessly presenting cumulative evidence |
| C. | Non-Party Leroy Miller Affidavit | 802 | Hearsay |
| D. | Deposition Transcript of Non-Party Leroy Miller held on September 8, 2016 | 402, 403 | Not relevant, unfair prejudice, misleading the jury, wasting time, needlessly presenting cumulative evidence |
| E. | Plaintiff's Notice of Claim (DEF 126-DEF 130) | 402, 403 | Not relevant, unfair prejudice, misleading the jury, needlessly presenting cumulative evidence |
| F. | Plaintiff's 50-h Hearing held on December 18, 2014 | 402, 403 | Not relevant, unfair prejudice, misleading the jury, wasting time, needlessly presenting cumulative evidence |
| G. | Deposition transcript of plaintiff held on June 16, 2016 | 402, 403 | Not relevant, unfair prejudice, misleading the jury, wasting time, needlessly presenting cumulative evidence |
| H. | Deposition transcript of plaintiff held on September 7, 2016 | 402, 403 | Not relevant, unfair prejudice, misleading the jury, wasting time, needlessly presenting cumulative evidence |
| I. | 5 Star Investment Loan Agreement dated May 14, 2015 | 402, 403 | Not relevant, unfair prejudice, confusing the issues, misleading the jury |
| J. | 5 Star Investment Loan Agreement dated June 3, 2015 | 402, 403 | Not relevant, unfair prejudice, confusing the issues, misleading the jury |

**IT IS FURTHER ORDERED** that the court, in order to prevent manifest injustice or for good cause shown, may, at the trial of the within action or prior thereto, upon application by counsel for either party made in good faith, or upon the motion of the Court, modify this Pretrial Order upon such conditions as the Court may deem just and proper.
Dated: Brooklyn, New York

_____, 2018

*Attorneys for Plaintiff*  *Attorneys for Defendants*

LEVENTHAL LAW GROUP, P.C.  ZACHARY W. CARTER, ESQ.
45 Main Street, Suite 528  Corporation Counsel, City of New York
Brooklyn, New York 11201  100 Church Street
　　　　　　　　　　　　　　　　New York, New York 10007

By:　/s　　　　　　　　　　　　By:　_____/s_____
　　Jason Leventhal, Esq.　　　　　　Suzanne E. Aribakan, Esq.

SO ORDERED:

_____
HON. ROSLYNN R. MAUSKOPF
United States District Judge